IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:16-CV-00137-RLV-DCK

| | |
|---|---|
| JOHN DAVID BALLARD, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| | ) |
| HICKORY SPRINGS MFG. CO., HSM FIBERS, VIRGILIO RUBINOS, and FNU RODRIGEZ, lead person Hickory Springs Mfg., Co., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant Hickory Springs Manufacturing Company's Motion to Dismiss (Doc. 15). Having been fully briefed (*see* Docs. 16, 19, 20), the Motion is now ripe for disposition. For the reasons stated below, the Motion to Dismiss (Doc. 15) is **GRANTED** and Plaintiff's Complaint is **DISMISSED**.

**I.  BACKGROUND**

Plaintiff John David Ballard, proceeding *pro se*, commenced this action by filing a complaint that, when liberally construed, raises claims under 42 U.S.C. § 1985(3) and under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Doc. 1 at 1-2). Relevant to these claims, Ballard alleges that he was "punched" because of his job performance and that Defendant Hickory Springs Manufacturing Company ("HSMC") or Talent Force, who is not a named defendant, terminated his employment based of his criminal record without first determining whether he received effective assistance of counsel at his criminal proceeding. *Id.* at 2-3; (*see also*

1

Doc. 19 at 1-2). Ballard also alleges that his supervisors at HSMC, including Defendant Rodrigez, spoke in Spanish when communicating with him and about him such that he could not understand their communications. (Doc. 1 at 2; *see also* Doc. 19 at 6). Finally, Ballard states that Defendants violated his right under the Thirteenth Amendment to the United States Constitution to be free from involuntary servitude and that Defendant HSMC "did not provide [him] with the equal protection that is required by law." (Doc. 1 at 2-3).

This Court granted Plaintiff's motion to proceed *informa pauperis* and service was returned executed as to each named Defendant.[1] (*See* Docs. 3, 8-11). Defendant HSMC filed the pending Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2), arguing that Ballard's Complaint (1) fails to allege the elements of a claim under 42 U.S.C. § 1985(3) and (2) fails to allege that he exhausted his administrative remedies with the Equal Employment Opportunity Commission ("EEOC") prior to filing this civil action. (Doc. 16 at 2-5). In his responsive filing, Ballard attempts to elaborate on his 42 U.S.C. § 1985(3) claim. (Doc. 19 at 6-7). Ballard also asserts that he submitted documentation to the EEOC but acknowledges that he "is yet to receive anything in writing[]" from the EEOC. *Id.* at 5. Finally, Ballard's responsive filling suggests that he seeks to raise a cause of action sounding in workplace discrimination under the Immigration Reform and Control Act of 1986. *Id.* at 3.

## II. DISCUSSION

### A. Standard of Review

When reviewing a Rule 12(b)(6) motion to dismiss, or when reviewing a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), this Court must examine the legal sufficiency of the complaint; it may not resolve factual disputes or weigh the claims and defenses against one another. *See*

---

[1] In noting that service was returned as executed, the Court takes no position on whether service of process was properly completed on Defendants Rubinos and Rodriguez.

*Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *see also Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) ("The standards for reviewing a dismissal under § 1915(e)(2)(B)(ii) are the same as those for reviewing dismissal under Federal Rule of Civil Procedure 12(b)(6)." (internal quotation marks omitted)). Rather, the court must accept as true all of the well-pled factual allegations contained in the complaint. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A court may, however, determine whether the facts alleged are sufficient, when taken at face-value, to reasonably imply liability on the part of the defendant. In order to survive such a motion, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows for the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

However, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. In order to assert a claim for relief, the complaint must allege facts that imply more than a "sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability[.]" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). Critically, "'[t]he presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal . . . when the facts alleged in the complaint' cannot support the legal conclusion" alleged or the relief sought. *See Migdal v. Rowe Price-Fleming Int'l*, 248 F.3d 321, 326 (4th Cir. 2001) (quoting *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001)). "Legal inferences drawn from the facts, unwarranted inferences, unreasonable conclusions, or arguments are not part of the [court's] consideration." *Dolgaleva v.*

*Va. Beach City Pub. Sch.*, 364 F. App'x 820, 827 (4th Cir. 2010); *see also E. Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

In applying this standard, the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). However, the Fourth Circuit has "not read *Erickson* to undermine *Twombly's* requirement that a pleading contain more than labels and conclusions[.]" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted); *accord Atherton v. Dist. of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting *Erickson*, 551 U.S. at 94; *Iqbal*, 556 U.S. at 679)). The rules governing the generous construction of *pro se* pleadings "do[] not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Ashby v. City of Charlotte*, 121 F. Supp.3d 560, 562 (W.D.N.C. 2015) (internal quotation marks omitted); *see also Silvers*, 2016 WL 427953, at *7.

B. <u>42 U.S.C. § 1985(3) Claim</u>

Section 1985(3) of Title 42 creates a cause of action "reach[ing] private conspiracies to deprive others of legal rights." *Griffin v. Breckenridge*, 403 U.S. 88, 104 (1971). To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

4

*Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995). To satisfy the second element, a plaintiff must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 104. Inherent to a plaintiff's ability to satisfy this requirement and advance a § 1985(3) claim is plaintiff's ability to demonstrate that he belongs to a class protected by § 1985(3). *See Ruiz v. Hofbauer*, 325 F. App'x 427, 431 (6th Cir. 2009) ("To state a claim under § 1985(3), a claimant must allege both membership in a protected class and discrimination on account of it."); *MotJuste Tirade of Vim Andre Juste v. Brennan*, 16 F. Supp.3d 716, 730-31 (N.D.W. Va. 2014). A plaintiff's failure to allege that he belongs to a protected class requires dismissal of the § 1985(3) claim. *See Ruiz*, 325 F. App'x at 431; *Brennan*, 16 F. Supp.3d at 730-31.

Here, Ballard does not allege that he belongs to any class of individuals protected under § 1985(3).[2] Thus, where it is not apparent from Ballard's Complaint what protected class Ballard belongs to, Ballard fails to plead sufficient facts demonstrating that two or more of the Defendants were motivated by a discriminatory animus toward a protected class. Furthermore, even if Ballard had identified the protected class he belongs to, his complaint would still be deficient because it does not allege any facts that suggest a conspiracy motivated by discriminatory animus. Notably, although Ballard alleges that Rodrigez conspired with others, presumably including Defendant Virgilio Rubinos, when speaking in Spanish, Ballard acknowledges that he does not speak Spanish and could not understand what Rodrigez said. (Doc. 1 at 2). Where the only allegation that might

---

[2] Although Ballard appears to assert that his criminal record contributed to his termination, his status as a convicted person does not place him in a protected class for purposes of § 1985(3). *See Edwards v. Samuels*, 2007 WL 81884, at *10 (D.N.J. Jan. 8, 2007) (collecting cases rejecting proposition that "convicted criminals constitute a class which could claim the protection of § 1985(3)" and noting both the absence of contrary rulings and the fact that convicted person is not a status that is an "immutable characteristic, for which the class member bears no responsibility, that has historically required protection"); *see also Batiste v. Fed. Bureau of Prisons*, 2013 WL 6589878, at *4 (S.D.W. Va. Dec. 16, 2013) (holding that "people accused or convicted of terrorism-related offenses do not constitute a protected class" because alleged status is not discrete, insular, or immutable).

support the existence of a conspiracy is a conversation that Ballard did not understand, Ballard has not pled any facts sufficient to permit the inference of a discriminatory animus on the part of the potential conspirators. Finally, to the extent that Ballard's § 1985(3) claim is, in actuality, a claim for employment discrimination, the existence of a remedy through Title VII of the Civil Rights Act of 1964 bars Ballard from pursuing the claim under § 1985(3). *See Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979) ("[W]e conclude that § 1985(3) may not be invoked to redress violations of Title VII . . . . [The] deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3).").

Accordingly, because Ballard failed to plead the elements of a 42 U.S.C. § 1985(3) claim, the claim as against Defendants HSMC and HSM Fibers[3] is **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 12(b)(6). As Defendants Rubinos and Rodrigez were not styled as parties to HSMC's Motion to Dismiss, Ballard's § 1985(3) claim as against Rubinos and Rodrigez is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

C. Discrimination Claim

"Before filing suit under Title VII, a plaintiff must exhaust [his] administrative remedies by bringing a charge with the EEOC." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). A plaintiff has exhausted his administrative remedies when he receives a right-to-sue letter from the EEOC or can otherwise demonstrates an entitlement to a right-to-sue letter. *See Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 140 (4th Cir. 1995). This "exhaustion requirement

---

[3] Although HSM Fibers did not separately move for dismissal, HSMC represents that HSM Fibers is a department within HSMC and Ballard's Complaint and service of process documents corroborate this representation. (*See* Doc. 1 at 1; Doc. 5; Doc. 11; Doc. 16 at 1). Thus, the Court construes Defendant HSMC's Motion to Dismiss as addressing the claims against HSM Fibers.
[4] Although the Court previously granted Ballard's motion to proceed *informa pauperis* (Doc. 3), 28 U.S.C. § 1915(e)(2) allows a district court to dismiss a claim "at any time."

ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible." *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005).

Plaintiff must plead in his complaint that he has exhausted his administrative remedies, *Davis*, 48 F.3d at 140; however, the employer/defendant "has the burden of proving the affirmative defense of failure to exhaust administrative remedies," *Young v. Nat'l Ctr. for Health Servs. Research*, 828 F.2d 235, 238 (4th Cir. 1987). Ballard's Complaint does not contain an allegation that he received a right-to-sue letter from the EEOC or that he even submitted a charge to the EEOC. (*See* Doc. 1). In his response to HSMC's Motion to Dismiss, Ballard represents that he mailed a form to the EEOC but that he "has yet to receive anything in writing[]" from the EEOC. (Doc. 19 at 5). Accordingly, Ballard effectively acknowledges that the EEOC has not issued him a right-to-sue letter. Furthermore, Ballard did not produce a copy of the form he mailed to the EEOC and Ballard's argument that the EEOC is unlikely to actually investigate his charge because of his pro se status and because of the low profile nature of his claim (*see id.* at 2-3, 5) does not demonstrate that Ballard is entitled to a right-to-sue letter. Based on Ballard's own statements, HSMC has sustained its burden of demonstrating that Ballard has not exhausted his administrative remedies.[5] Because, however, Ballard's failure to exhaust his administrative remedies appears to be a curable defect where Ballard may have a pending charge before the EEOC, Ballard's employment discrimination claim, as against all Defendants, is **DISMISSED WITHOUT PREJUDICE**. *See Lebron-Rios v. U.S. Marshal Serv.*, 341 F.3d 7, 13-15 (1st Cir. 2003)

---

[5] To the extent Ballard seeks, in his responsive filing, to raise a workplace discrimination claim under the Immigration Reform and Control Act of 1986, the claim would be governed by 8 U.S.C. § 1324b. Under 18 U.S.C. § 1324b, an employee alleging a claim of discrimination must first file a charge with the Special Counsel for Immigration-Related Unfair Employment Practices. 8 U.S.C. § 1324b(b)(1). If the result of the Special Counsel's investigation is adverse to the employee, the employee must then challenge the result before an administrative law judge prior to presenting the claim to a federal court. 8 U.S.C. § 1324b(d), (g), (i). Ballard fails to pled that he took any of these steps before filing this action and, in any event, the proper forum for an appeal from an adverse decision by an administrative law judge is "the United States court of appeals for the circuit in which the violation is alleged to have occurred or in which the employer resides or transacts business." 8 U.S.C. § 1324b(i)(1).

(dismissal of discrimination claim for failure to exhaust EEOC remedies should be without prejudice to future filing after proper exhaustion); *Capozzelli v. Allstate Ins. Co.*, 2014 WL 786426, at *4 (E.D. Tex. Feb. 25, 2014) (dismissing claim without prejudice where failure to exhaust might be curable); *Canty v. Wackenhut Corr. Corp.*, 255 F. Supp.2d 113, 117 (E.D.N.Y. 2003) (dismissing claim without prejudice where plaintiff filed grievance with EEOC but had not obtained right to sue letter).

### III. DECRETAL

**IT IS, THEREFORE, ORDERED THAT:**

(1) Defendant HSMC's Motion to Dismiss (Doc. 15) is **GRANTED**;

(2) Ballard's 42 U.S.C. § 1985(3) claim as against HSMC and HSM Fibers is **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 12(b)(6);

(3) Ballard's 42 U.S.C. § 1985(3) claim as against Rubinos and Rodrigez is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii);

(4) Ballard's Title VII discrimination claim is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies; and

(5) The Clerk is **DIRECTED** to remove this case from the Court's docket.

Signed: February 3, 2017

Richard L. Voorhees
United States District Judge